[Civil No. 167.   Filed August 2, 1886.]

[S. C. 11 Pac. 397.]

ELIJAH CLIFFORD et al., Plaintiffs and Respondents, v. L. LARRIEU, Defendant and Appellant.

1. IRRIGATION—ACTION FOR WRONGFUL DIVERSION—PARTIES—WATER USER THOUGH NOT DITCH-OWNER MAY MAINTAIN ACTION FOR WRONGFUL DIVERSION—DITCH-OWNER NOT NECESSARY PARTY PLAINTIIFF.—The owners of land irrigated by means of a ditch owned by another person, or a corporation, may have an action against one who wrongfully diverts water from the ditch.

2 SAME—DITCH-OWNER HAS RIGHT TO TOLL—WATER-USER TO WATER UPON PAYMENT OF TOLL.—Though the owners of the ditch be en-

titled to toll for the water, the owners of the land are entitled to
the water on the payment of the toll.

APPEAL from a judgment of the County Court in and
for the County of Cochise. Affirmed.

The facts are stated in the opinion.

William Herring, for Appellant.

The action should be dismissed because it appears that the
plaintiffs are not the real parties in interest, who alone under
our statutes are allowed to bring an action.

Goodrich & Smith, for Respondents.

The court below found that the action was brought in the
name of the real party in interest. There being no evidence
in the record that militates against such finding, this court
will assume that the finding of the court below is in accord-
ance with the evidence given at the trial.

BARNES, J.—The defendant seeks to reverse this case
for the reason that the court erred in not dismissing the
complaint, claiming that the evidence shows that the plain-
tiffs have no interest in the subject-matter. The statement
does not contain all the evidence. It appears that plaintiffs
sought to enjoin defendant from taking water from the San
Pedro river above them, to the extent of impairing their use
below for irrigation purposes; that plaintiffs use, and have
for a long time used, water to irrigate some 600 acres of
land. The water runs through a ditch, and defendant urges
that the evidence shows that this ditch is owned by a corpor-
ation which is not a party plaintiff. It is not clear, from
the record, that the corporation does own the water-right,
or that plaintiffs have ever surrendered the right to use the
water to the corporation. However, this may be, we cannot
say, as a matter of law, that the owners of land irrigated
by means of a ditch owned by an other person, or a corpor-
ation, may not have an action against one who wrongfully

diverts water from the ditch. Though the owners of the ditch be entitled to toll for the water, the owners of the land are entitled to the water on payment of the toll. The diversion of the water from the ditch would injure the owner of the ditch, it is true, but it would also injure the owner of the land to be irrigated, to deprive him of the water. The owner of the ditch, for many reasons, might decline to sue. He might be in collusion with the wrong-doer to destroy the value of plaintiffs' lands, in the hope of buying them. He might be actuated by private malice. He might, from motives of economy, refuse to embark in a lawsuit of this character. The rights of plaintiff would be of little value if they were subject to the interest, whim, or caprice of the owner of the ditch. We cannot, therefore, say, from the record, that the court erred in refusing to dismiss the complaint.

The judgment of the court below is affirmed.

Shields, J., and Porter, J., concur.